IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES O'DELL WALTON, #561346,<br>      Plaintiff,<br><br>v.<br><br>JOHN DOE, TDCJ'S Chairman,<br>et al.,<br>      Defendants. | §<br>§<br>§<br>§   CIVIL CASE NO. 3:18-CV-1372-S-BK<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On February 27, 2018, Plaintiff, a state prisoner, filed a *pro se* complaint titled *Discretionary Review, Interlocutory Emergency Permanent Injunctive, Pursuant to 28 U.S.C. § 2283, And § 2284, And Rule 65 Fed. R. Civ. Proc.* Doc. 3. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 4. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by the three-strikes provision of the Prison Litigation Reform Act.

### I. BACKGROUND

The complaint consists of 55 pages of rambling and repetitive allegations of due process violations and discrimination and retaliation stemming from the alleged unlawful enactment and application of Texas parole laws. Doc. 3. As best as the Court can decipher, Plaintiff (1) seeks to enjoin the application of Texas parole laws, (2) requests the reinstatement of his last civil rights action, *Walton v. Doe, et al*, No. 3:18-CV-469-N-BK (N.D. Tex. Apr. 2, 2018) (dismissed as barred by three strikes), and (3) claims that the Court should recognize that he is in imminent danger of physical injury.

## II. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). This Court previously found that Plaintiff was barred from pursuing a federal civil action by three strikes. *See Walton v. Dallas County Sheriff's Dep't*, No. 3:15-CV-2537-N-BF (N.D. Tex. Aug. 24, 2015) (accepting magistrate judge's recommendation); *Walton v. Parkland Hospital*, No. 3:10-CV-1856-M-BH (N.D. Tex. Oct. 13, 2010) (same).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). In the case *sub judice*, Plaintiff complains of civil rights violations and unjust imprisonment as a result of the unlawful enactment and application of Texas parole laws, and offers only conclusory assertions and unwarranted factual deductions that he is in "imminent danger." Doc. 3. Notably, Plaintiff fails to identify the type or source of danger he posits. Doc. 3 at 5, 16-17, 44. *See Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (holding that allegations of imminent danger must be "specific" and "credible") (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)), *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("a complaint does not satisfy the 'imminent danger' exception" of the PLRA where

plaintiff's "claims of imminent danger are conclusory or ridiculous" (citation and quotation omitted)). As such, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

### III. CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.

**SO RECOMMENDED** July 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE